# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 13-61821-JRS |
| ) | |
| AUDREY ANGELA ) | |
| CHUTKHAN-BROOKS, ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |
| ) | |
| NEIL C. GORDON, ) | |
| Chapter 7 Trustee for the Estate of ) | |
| Audrey Angela Chutkhan-Brooks, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ADVERSARY PROCEEDING NO. |
| ) | |
| CHAL, LLC, ALRICK G. BROOKS, ) | 18-05339-JRS |
| CHARLES K. BUAFO, ) | |
| SHIRLEY BUAFO, and ) | |
| AUDREY ANGELA ) | |
| CHUTKHAN-BROOKS, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

COMES NOW Neil C. Gordon, the Chapter 7 Trustee (the "**Trustee**" or the "**Plaintiff**") of the bankruptcy estate of Audrey Angela Chutkhan-Brooks (the "**Estate**"), by and through undersigned counsel, and files this Amended *Complaint* against Chal, LLC, Alrick G. Brooks, Charles K. Buafo, Shirley Buafo, and Audrey Angela Chutkhan- Brooks, and shows the Court as follows:

1

14812564v1

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E), and (O).

3. This adversary proceeding is initiated under Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

4. Plaintiff consents to the entry of final orders or judgment by the bankruptcy court.

5. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises in and relates to the Chapter 7 bankruptcy case of Audrey Angela Chutkhan-Brooks (the "**Debtor**" or "**Ms. Chutkhan Brooks**"), Case No. 13-61821-JRS (the "**Bankruptcy Case**") pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "**Bankruptcy Court**").

6. Alrick G. Brooks ("**Dr. Brooks**") is subject to the jurisdiction of this Court and may be served under Rule 7004(a) of the Federal Rules of Bankruptcy Procedure by mail addressed as follows:

> Alrick G. Brooks, M.D.
> 770 Pine Street, Suite L-40
> Macon, GA 31201
>
> Alrick G. Brooks
> 137 Ashford Park
> Macon, GA 31210-8032

7. Charles K. Buafo ("**Dr. Buafo**") is subject to the jurisdiction of this Court and may be served under Rule 7004(a) of the Federal Rules of Bankruptcy Procedure by mail addressed as follows:

2

Charles K. Buafo, M.D.
130 Woodcrest Court
Macon, GA 31210

8. Shirley Buafo ("**Ms. Buafo**") is subject to the jurisdiction of this Court and may be served under Rule 7004(a) of the Federal Rules of Bankruptcy Procedure by mail addressed as follows:

Shirley Buafo
130 Woodcrest Court
Macon, GA 31210

9. Chal, LLC is subject to the jurisdiction of this Court and may be served under Rule 7004(a) of the Federal Rules of Bankruptcy Procedure by mail addressed as follows:

Chal, LLC
c/o ,Shirley Buafo Registered Agent
130 Woodcrest Ct.
Macon, GA  31210

10. Audrey Angela Chutkahn-Brooks is subject to the jurisdiction of this Court and may be served under Rule 7004(a) of the Federal Rules of Bankruptcy Procedure by mail addressed as follows:

Audrey Angela Chutkhan-Brooks
5019 Village Terrace Drive
Atlanta, GA 30338

Audrey Angela Chutkhan-Brooks
3042 Hartford Mill Place
Duluth, GA 30097.

BACKGROUND

11. The Debtor commenced the Bankruptcy Case by filing a petition under Chapter 7 of Title 11 of the United States Code on May 31, 2013 (the "**Petition Date**").

3

12. Trustee was initially appointed the interim Chapter 7 trustee and became the permanent trustee at the meeting of creditors conducted and concluded June 26, 2013, pursuant to 11 U.S.C. § 341(a).

13. On July 3, 2013, Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 14], and an *Order* [Doc. No. 15] was entered by the Court on July 5, 2013, appointing Arnall Golden Gregory LLP as attorneys for the Trustee.

14. Pursuant to *Schedule A/B:* Property, Debtor scheduled her 25% ownership interest in Chal, LLC.

15. Dr. Brooks, Dr. Buafo, and Ms. Buafo were the other members of Chal, LLC.

16. In the divorce case of Debtor and Dr. Brooks (Civil Action No. 03-CV-23050, Superior Court of Bibb County), a "Contract of Settlement" (the "**Divorce Settlement**") was filed in October of 2005. Paragraph 5(K) of the Divorce Settlement provides: "The parties will each maintain their 25% interest in Chal, LLC. The husband will continue to pay the expenses and debt that either party is required to pay; however, there will be no new debt unless both parties agree. Each party will receive twenty-five percent (25%) of the net proceeds from asset disposition of the property in the LLC."

17. Debtor's right to receive 25% of the net proceeds from the asset disposition of the property owned by Chal, LLC became property of the Estate as of the Petition Date.

18. As of the Petition Date, Chal, LLC had two assets: (a) seventy (70) acres of unimproved land in Monroe County, Georgia (the "**Acreage**"); and (b) a commercial property in downtown Macon, Bibb County, Georgia, known generally as 338 Poplar Street, Macon, 31210 (the "**Commercial Property**").

14812564v1

19. In 2013, Trustee's agents notified Ms. Buafo, as registered agent and member of Chal, LLC, that the Estate had an interest in the proceeds of any sales of properties owned by Chal, LLC.

a. The Commercial Property

20. Notwithstanding the provision of the 2005 Divorce Settlement that provided that "there will be no new debt [on property owned by Chal, LLC] unless both parties agree," the Commercial Property appeared to be encumbered by virtue of a Security Deed (the "**2010 State Bank Security Deed**") in favor of State Bank and Trust Company recorded August 2, 2010 at Deed Book 8358, pages 321-327 of the Bibb County Georgia Records (the "**Bibb Property Records**"). The 2010 State Bank Security Deed recites that it secures a note dated August 30, 2010 in the amount of $116,051.26 with a maturity date of July 30, 2013 and that the note relates to a loan to Dr. Brooks and Dr. Buafo.

21. On information and belief, the Commercial Property was encumbered prior to the time that Chal, LLC acquired ownership. Chal, LLC acquired ownership of the Commercial Property by way of a Quitclaim Deed recorded on September 26, 1997, (Deed Book 4039, pages 189-191, Bibb Property Records) from Dr. Brooks and Dr. Buafo to Chal, LLC.

22. Prior to said transfer, the Commercial Property appeared to be encumbered by virtue of a Security Deed (the "**1997 Security National Bank Security Deed**") in favor of Security National Bank recorded July 1, 1997 at Deed Book 3091, pages 67-68 of the Bibb Property Records.

23. Notwithstanding Trustee's communications with Ms. Buafo, on January 25, 2016, a Limited Warranty Deed was recorded in the Bibb Property Records to memorialize a transfer of the Commercial Property from Chal, LLC to Historic Macon Studios, LLC. The PT-61 Form relating

to the sale indicates that the consideration paid by Historic Macon Studios, LLC for the Commercial Property was $85,000.00.

24. The satisfaction of the 1997 Security National Bank Security Deed was recorded in the Bibb Property Records on February 22, 2016 at Deed Book 9634, Page 91.

25. The satisfaction of the 2010 State Bank Security Deed was recorded in the Bibb Property Records on February 22, 2016 at Deed Book 9634, Page 92.

26. Based upon the foregoing, the Trustee is entitled to an accounting of the proceeds of the sale of the Commercial Property and is entitled to Debtor's 25% interest of the net proceeds from the asset disposition of the property of the LLC, calculated as if the debt represented by the 2010 security deed had not been incurred.

b. The Acreage

27. The Acreage owned by Chal, LLC in Monroe County appeared to be unencumbered as of the Petition Date.

28. Notwithstanding Trustee's communications with Ms. Buafo, on February 15, 2016, a Limited Warranty Deed was recorded in the Monroe County Property Records to memorialize a transfer of the Acreage from Chal, LLC to Land Holding Company, LLC. The PT-61 Form relating to the sale indicates that the consideration paid by Land Holding Company, LLC for the Acreage was $172,200.00.

29. Based upon the foregoing, the Trustee is entitled to an accounting of the proceeds of the sale of the the Acreage and is entitled to Debtor's 25% interest of the net proceeds from the asset disposition of the property of the LLC.

## COUNT I
### (Request for an Accounting by All Defendants)

30. The Trustee realleges and reincorporates paragraphs 1-29 above as if fully set forth herein.

31. The Trustee is entitled to an accounting of all funds and property in the possession of the Defendants that relate to the sales by Chal, LLC of the Commercial Property and of the Acreage in order to accurately determine the scope of the funds and property which are or could be property of the Estate.

32. The Trustee reserves the right to amend this Complaint should facts be discovered pursuant to the accounting sought herein or otherwise which justify the assertion of additional claims, including but not limited to any and all claims arising under the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* and/or applicable state or federal law.

## COUNT II
### (Claim for Turnover under 11 U.S.C. § 542)

33. Plaintiff realleges the allegations of paragraphs 1 through 32 above as though fully set forth herein.

34. The Debtor's right to receive 25% of the net proceeds from the asset disposition of the property owned by Chal, LLC became property of the Estate as of the Petition Date.

35. Plaintiff seeks immediate turnover of the Debtor's share of the net proceeds in the possession of any of the Defendants or, alternatively, an order and judgment of turnover effective immediately.

36. Trustee shows that he is entitled to a judgment of turnover pursuant to 11 U.S.C. § 542, regardless of whether any of the funds have been spent. It is well-settled that continued possession is not a prerequisite for turnover. *See, e.g., Shapiro v. Henson,* 739 F.3d 1198 (9th Cir.

14812564v1

2014); *In re Newman,* 487 B.R. 193 (9th Cir. BAP 2013); *In re Ruiz,* 455 B.R. 586 (10th Cir. BAP 2011); *In re Bailey,* 380 B.R. 486 (6th Cir. BAP 2008); *In re Shearin,* 224 F. 3d 353 (4th Cir. 2000); *In re USA Diversified Products, Inc.* 100 F.3d 53 (7th Cir. 1996); *In re Pilate,* 487 B.R. 345 and 488 B.R. 500 (Bankr. D. D.C. 2013).

## COUNT III
### (Claim for Recovery under O.C.G.A. § 14-11-605)

37. Plaintiff realleges the allegations of paragraphs 1 through 36 above as though fully set forth herein.

38. Notwithstanding the fact that members of Chal, LLC had knowledge of Debtor's bankruptcy case and had knowledge that the Trustee had a right to receive any distribution that would otherwise be made to the Debtor by Chal, LLC, the members caused Debtor to receive $42,667.21.

39. Without paying the Trustee's claim owing by Chal, LLC, the members then caused Chal, LLC to be administratively dissolved.

40. Under such circumstance, Georgia law imposes liability on any of the members of Chal, LLC to pay the Trustee's unpaid claim.

41. O.C.G.A. § 14-11-605 provides:

Distribution of assets

(a)  In connection with its winding up, a limited liability company shall (1) discharge, make provision to discharge, or dispose of pursuant to Code Sections 14-11-607 and 14-11-608, its liabilities, and (2) subject to any applicable provisions in the articles of organization or a written operating agreement, distribute its remaining assets to its members.

(b)  To the extent a dissolved limited liability company does not discharge, make provision to discharge, or dispose of pursuant to Code Sections 14-11-607 and 14-11-608 a claim against it, such claim may be enforced:

    (1) Against the limited liability company, to the extent of its undistributed assets; or

> (2) Against each member receiving a distribution in winding up, to the extent of the assets so distributed to such member; provided that a member's total liability for all such claims shall not exceed the total amount of assets so distributed to him or her.
>
> As respects any such claims, the limited liability company and its members shall have rights of contribution among themselves so as to produce, insofar as practicable, the effects that would have been produced had such claim been discharged by the limited liability company prior to any distribution to members.

O.C.G.A. § 14-11-605.

42. Trustee, who had a claim against Chal, LLC, that was not discharged before Chal, LLC was dissolved, can enforce his claim "against each member receiving a distribution."

43. Trustee is entitled to a judgment providing that Dr. Brooks, Dr. Buafo, and Ms. Buafo are jointly and severally liable to Trustee for $42,667.21, plus interest from the date of demand.

WHEREFORE, Plaintiff prays that this Court enter a judgment in favor of Plaintiff and against Defendants:

a) requiring an accounting of all funds and property of the Bankruptcy Estate;

b) requiring the turnover of 25% of the net proceeds from the asset disposition of the property owned by Chal, LLC to Plaintiff under 11 U.S.C. § 542;

c) requiring Defendants Dr. Brooks, Dr. Buafo, and Ms. Buafo to pay the sum of $42,667.21, plus interest from the date of demand under O.C.G.A. § 14-11-605;

d) reimbursing Plaintiff for all costs incurred in this action, including interest and attorney's fees, and punitive damages; and

9

14812564v1

e) granting such other and further relief as is just and proper.

This 8th day of May, 2020.

                                      ARNALL GOLDEN GREGORY LLP
                                      *Attorneys for Plaintiff*

                                  By: */s/ William D. Matthews*
                                        Neil C. Gordon
                                        Georgia Bar No. 302387
                                        neil.gordon@agg.com
                                        William D. Matthews
                                        Georgia Bar No. 470865
                                        william.matthews@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
P: (404) 873-8500
F: (404) 873-8501

14812564v1

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing *Amended Complaint* by United States Mail, with sufficient postage thereon addressed as follows:

| | |
|---|---|
| CHAL, LLC<br>c/o Shirley Buafo, Reg. Agt.<br>130 Woodcrest Court<br>Macon, GA 31210 | Audrey Angela Chutkhan-Brooks<br>5019 Village Terrace Drive<br>Atlanta, GA 30338<br><br>Audrey Angela Chutkhan-Brooks<br>3042 Hartford Mill Place<br>Duluth, GA 30097. |

John A. Moore
**THE MOORE LAW GROUP, LLC**
1745 Martin Luther King Jr. Dr.
Atlanta, Georgia 30314

Dr. Alrick G. Brooks
137 Ashford Park
Macon, GA 31210

This 8th day of May, 2020.

*/s/ William D. Matthew*
William D. Matthews

14812564v1